UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL LEE JARRETT,
                                    CIVIL CASE NO. 05-40050
               Petitioner,    CRIM. CASE NO. 94-50015-10

v.

                                    HONORABLE PAUL V. GADOLA
UNITED STATES OF AMERICA,    U.S. DISTRICT COURT

               Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255**

Before the Court is Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, filed on February 11, 2005. In response to the Court's order for an answer, the Government filed a response to Petitioner's motion on March 31, 2005. Because Petitioner's "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court will deny Petitioner's motion. 28 U.S.C. § 2255 ¶ 2.

Petitioner's sole ground for relief is that his sentence was imposed in violation of Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531 (2004). Blakely, however, is not applicable to Petitioner's sentence because Petitioner's sentence was imposed in accordance with the United States Sentencing Guidelines. See Id. at 2538, n.9 ("The Federal Guidelines are not before us, and we express no opinion on them."). On January 12, 2005, the Supreme

Court applied the principles in <u>Blakely</u> to hold that the United States Sentencing Guidelines were unconstitutional insofar as it mandated that a defendant's sentence be increased based on facts not found by the jury beyond a reasonable doubt. <u>United States v. Booker</u>, 543 U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). Petitioner's claim, that his sentence was imposed in violation of <u>Blakely</u>, is, therefore, properly a claim brought under <u>Booker</u>.

Nevertheless, the Sixth Circuit has held that <u>Booker</u> does not apply retroactively to cases on collateral review. <u>Humphress v. United States</u>, 398 F.3d 855, 860-63 (6th Cir. 2005). In fact, courts in all eleven circuits and the D.C. Circuit have likewise held that <u>Booker</u> does not apply retroactively on collateral review. <u>See</u> <u>Cirilo-Munoz v. United States</u>, 404 F.3d 527, 533 (1st Cir. 2005); <u>Guzman v. United States</u>, 404 F.3d 139, 144 (2d Cir. 2005); <u>Lloyd v. United States</u>, 407 F.3d 608 (3d Cir. 2005); <u>Daniel v. United States</u>, 2005 U.S. Dist. LEXIS 11509 (N.D. W. Va. 2005)(unpublished); <u>In re Elwood</u>, 2005 U.S. App. LEXIS 7343 (5th Cir. 2005)(unpublished); <u>Humphress v. United States</u>, 398 F.3d 855, 860-63 (6th Cir. 2005); <u>McReynolds v. United States</u>, 397 F.3d 479, 480-81 (7th Cir. 2005); <u>Clark v. United States</u>, 2005 U.S. Dist. LEXIS 11148 (D. Minn. 2005); <u>Hewett v. United States</u>, 2005 U.S. Dist. LEXIS 10910 (D. Haw. 2005)(unpublished); <u>Bey v. United States</u>, 399 F.3d 1266, 1269 (10th Cir. 2005); <u>Varela v. United</u>

States, 400 F.3d 864, 866-68 (11th Cir. 2005); United States v. Agramonte, 366 F. Supp. 2d 83, 89 (D.D.C. 2005).

Petitioner was sentenced on July 18, 1997 and the judgment and commitment order was entered the same day. Booker was decided on January 12, 2005. Petitioner did not directly appeal his sentence. In other words, Petitioner is attempting to apply Booker retroactively to attack his sentence collaterally, which is not possible. Thus, Petitioner's "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."

Furthermore, Petitioner waived any right to challenge the constitutionality of his sentence. Gov. Ans. at 4. Such appeal waivers are valid despite Booker. United States v. Bradley, 400 F.3d 459, 465 (6th Cir. 2005)

**ACCORDINGLY, IT IS HEREBY ORDERED** that Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence [docket entry 1067] is **DENIED**.

**IT IS FURTHER ORDERED** that if Petitioner desires to seek a certificate of appealability ("COA"), Petitioner may file a **MOTION** for a COA within **TWENTY-ONE (21) DAYS** of filing a Notice of Appeal and shall support this motion with an appropriate brief, both of which shall comply with the Local Rules of this Court. See Castro

<u>v. United States</u>, 310 F.3d 900, 903 (6th Cir. 2002) ("We do encourage petitioners as a matter of prudence to move for a COA at their earliest opportunity so that they can exercise their right to explain their argument for issuance of a COA."). The Government may file a response with an appropriate brief, both of which shall comply with the Local Rules, within **FOURTEEN (14) DAYS** of service of Petitioner's motion for a COA.

    **SO ORDERED.**

Dated: June 17, 2005                        s/Paul V. Gadola
                                            HONORABLE PAUL V. GADOLA
                                            UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on June 21, 2005, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
  Mark Jones  , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:  Daniel Jarrett  .

                                            s/Tammy Hallwood
                                            Tammy Hallwood, Deputy Clerk
                                            (810) 341-7845